**Joseph A. BRYANT et al., Appellants,**

v.

**JEFFERSON FEDERAL SAVINGS AND LOAN ASSOCIATION et al.**

No. 73–1968.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 23, 1974.

Decided Dec. 9, 1974.

---

**512**

Marilyn Fisher, Washington, D. C., for appellants.

E. Tillman Stirling, Washington, D. C., with whom Robert S. Erdahl, Washington, D. C., was on the brief for appellees, Jefferson Federal Savings and Loan Association and Riggs National Bank of Washington, D. C.

C. Francis Murphy, Corp. Counsel, Washington, D. C., for the District of Columbia and Richard W. Barton, Asst. Gen. Counsel, Washington, D. C., entered appearances for D.C. appellees.

Before TAMM, LEVENTHAL * and MacKINNON, Circuit Judges.

TAMM, Circuit Judge:

Plaintiffs-appellants, on behalf of themselves and all others similarly situated, challenge the constitutionality of the District of Columbia's extrajudicial mortgage foreclosure procedures. They appeal the refusal of District Court Judge William Bryant, Jr., to convene a three-judge district court to hear their claim. We agree with Judge Bryant's conclusion that the constitutional question presented is insubstantial and does not require hearing by a three-judge court pursuant to 28 U.S.C. § 2282 (1970), and therefore, we affirm.

Appellants, in purchasing a home, executed with appellee Jefferson Federal Savings and Loan Association a deed of trust which contained the following provision:

> In TRUST, to permit the borrower, his heirs or assigns to use and occupy said realty until default be made in any of the covenants hereof, and, upon such default, and by request of the Association, to sell said realty, or any part thereof, at public auction in such manner, at such time and place, upon such terms and conditions, and after such previous advertisement as the said trustee may deem best for the interests of all concerned, . . .

Appellants claim that this provision and others similar to it are authorized by 45 D.C.Code §§ 301, 603, and 615 (1973) and as such, violate the due process clause of the fifth amendment. They rely primarily on Sniadach v. Family Finance Corporation, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) for the proposition that pre-judgment seizures violate due process.

Section 301 of Title 45, District of Columbia Code, authorizes the inclusion in mortgages, deeds of trust, and other contracts conveying title to realty of clauses granting power to sell secured real property at public auction. 45 D.C.Code § 301 (1973). Sections 603[1] and 615(a)[2]

---

* *Circuit Judge* LEVENTHAL took no part in the consideration or decision of this case.

1. § 45–603. *Estate of mortgagee or trustee conveyed.*

    The legal estate conveyed to a mortgagee, his heirs and assigns, or to a trustee to secure a debt, his heirs and assigns, shall be construed and held to be a qualified fee simple, determinable upon the release of the mortgage or deed of trust, as hereinafter provided, or the appointment of a new trustee by agreement of the parties pursuant to section 45–614(b) or by judicial decree for the causes hereinafter mentioned: *Provided,* That nothing in this section contained shall prevent the passing of an absolute and unqualified estate in fee-simple under a deed made by the mortgagee, trustee, or new trustee in pursuance of the powers conferred by the mortgage or deed of trust.

2. § 45–615. *Terms of sale and notice to be given.*

    (a) If the length of notice and terms of sale are not prescribed by the mortgage or

permit individuals holding such powers of sale to foreclose and sell the property by public auction without affording the homeowner a hearing prior to sale. 45 D.C.Code §§ 601, 615(a) (1973). Section 615(b) provides that "[n]o foreclosure sale under a power of sale provision . . . may take place unless the holder of the note . . . gives written notice . . . to the owner of the [encumbered] real property . . . [along] with a copy . . . to the Commissioner of the District of Columbia at least 30 days in advance of the date of said sale." 45 D.C.Code § 615(b) (1973). Finally, the statute creates no power of sale; extrajudicial foreclosure is permissible only when the instrument executed by the fee owner itself expressly authorizes the mortgagee or trustee to sell the property at a public auction if the owner defaults in his payments.

■ Appellants contend that their constitutional claim must be heard by a three-judge district court. 28 U.S.C. § 2282 mandates that only a three-judge court may enjoin an Act of Congress as unconstitutional.[3] However, not every facial constitutional challenge to a Congressional statute must be heard by a three-judge court. When the claim is "wholly insubstantial" or when prior decisions make the claim "frivolous", a three-judge court need not be convened. *See* Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). *See also* Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); C. Wright, The Law of Federal Courts § 50 (2d ed. 1970). Here, the district court judge found the claim to be insubstantial. Appellants are entitled to a hearing by a three-judge court if Judge Bryant's finding of insubstantiality was

in error. *See* Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Borden Co. v. Liddy, 309 F.2d 871 (8th Cir. 1962), cert. denied, 372 U.S. 953, 83 S.Ct. 951, 9 L.Ed.2d 977 (1963); C. Wright, The Law of Federal Courts, *supra.*

For their constitutional claim to be substantial, appellants must establish initially that because of the presence of governmental involvement, the foreclosure procedure is subject to the constraints of the due process clause. Appellants then must demonstrate that the challenged procedures arguably do not afford adequate due process protections. We will examine each issue in turn.

■ The due process clause is a limitation on governmental, not private, action. *See, e. g.,* Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948).[4] Thus, appellants must establish "significant government involvement" in order for the challenged action to fall within the ambit of the constitutional protection. *See* Moose Lodge v. Irvis, *supra,* 407 U.S. at 173, 92 S.Ct. 1965; Reitman v. Mulkey, 387 U.S. 369, 380, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967).

■ There is no significant governmental involvement in the mortgage foreclosure practices attacked here. The power of sale was created, not through governmental enactment, but by private consensual agreement. We recognized long ago that a deed of trust "provides the remedies for its own enforcement." Spruill v. Ballard, 61 App.D.C. 112, 58 F.2d 517, 519 (1932). The validity of such provisions has been continually upheld. In 1894, the Court of Appeals for

---

deed of trust, or be not left therein to the judgment or discretion of the mortgagee or trustee, any person interested in such sale may apply to the court, before such sale is advertised, to fix the terms of sale and determine what notice of sale shall be given.

3. An Act of Congress applicable only to the District of Columbia falls within the purview of this statute. *See* Shapiro v. Thompson,

394 U.S. 618, 625 n. 4, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

4. While many of the cases that discuss the question of "governmental action" deal with either "state action" under the fourteenth amendment or the "under color of state law" requirement of the Civil Rights Statutes, *e. g.,* 42 U.S.C. § 1983 (1970), they are equally applicable here.

the District of Columbia stated that "[a]s long as these contracts are entered into by permission of law, they must be respected and not interfered with, unless upon some well recognized principle of equity applicable alike to all contracts of the same general nature." Anderson v. White, 2 App.D.C. 408, 417 (1894). That same Term, the Supreme Court held:

> There is nothing in the law of mortgages, nor in the law that covers what are sometimes designated as 'trust deeds in the nature of mortgages,' which prevents the conferring by the grantor or mortgagor in such instrument of the power to sell the premises described therein upon default in payment of the debt secured by it, and, if the sale is conducted in accordance with the terms of the power, the title to the premises granted by way of security passes to the purchaser upon its consummation by a conveyance.

Bell Silver & Copper Mining Co. v. First National Bank, 156 U.S. 470, 477, 15 S.Ct. 440, 443, 39 L.Ed. 497 (1895). *See also* Scott v. Paisley, 271 U.S. 632, 635, 46 S.Ct. 591, 70 L.Ed. 1123 (1926); S & G Investment, Inc. v. Home Federal Savings & Loan Association, 164 U.S.App. D.C. 263, 505 F.2d 370 (1974).

Against this background, appellants advance three principal justifications for their theory that Congress' enactment of the statutes in question significantly involved the government in authorizing the procedures and hence, constitute governmental action. They argue that the challenged actions are so intertwined with governmental policies as to constitute governmental action, that the government clearly authorizes and encourages a violation of due process or that Congress has invested creditors with the ability to perform a traditionally public function. *See* Appellants' Br. at 14–17.

We think all these contentions are answered by a series of analogous cases where the traditional remedy of self-help repossession of chattels, now codified as section 9–503 of the Uniform Commercial Code, underwent constitutional challenge. As in the instant case, those plaintiffs alleged the presence of governmental action on "entanglement", "encouragement", and "delegation of public function" theories. *See, e. g.,* Gibbs v. Titelman, 502 F.2d 1107 (3d Cir. 1974); James V. Pinnix, 495 F.2d 206 (5th Cir. 1974); Shirley v. State National Bank, 493 F.2d 739 (2d Cir. 1974); Adams v. Southern California First National Bank, 492 F.2d 324 (9th Cir. 1973), cert. denied, 419 U.S. 1006, 95 S.Ct. 325, 42 L.Ed.2d 282 (1974). These arguments were uniformly and decisively rejected.[5] For example, the Ninth Circuit, in rejecting the argument that the mere enactment of the statute constituted governmental action because of excessive entanglement with the challenged action, noted:

> Statutes and laws regulate many forms of purely private activity, such as contractual relations and gifts, and subjecting all behavior that conforms to state law to the Fourteenth Amendment would emasculate the state action concept.

*Id.* at 330–331 (footnote omitted); *accord,* Bichel Optical Lab, Inc. v. Marquette National Bank, 487 F.2d 906 (8th Cir. 1973).

In response to an encouragement argument, the Third Circuit in Gibbs v. Titelman read Reitman v. Mulkey, *supra,* and Moose Lodge v. Irvis, *supra,* to require a finding of state action only if the state has significantly encouraged self-help repossession. However, the court there concluded that far from encouraging repossessions, the statute was passed to curb abuses associated with private repossession. *See* Gibbs v. Titelman, *supra,* 502 F.2d at 1110–1111. Similarly, Congress enacted the challenged statute here, 45 D.C.Code § 615(b), to correct the

---

5. Most circuit courts have spoken on the issue. The Supreme Court has denied certiorari in two cases. *See* Nowlin v. Professional Auto Sales, Inc., 496 F.2d 16 (8th Cir.) cert. denied, 419 U.S. 1006, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974); Adams v. Southern California First National Bank, 492 F.2d 324 (9th Cir. 1973), cert. denied, 419 U.S. 1006, 95 S.Ct. 325, 42 L.Ed.2d 282 (1974).

abuses connected with extrajudicial foreclosure. *See* 114 Cong.Rec. 22313–14 (1968) (remarks of Sen. Tydings). *See also* Young v. Ridley, 309 F.Supp. 1308, 1310–1311 (D.D.C.1970). We concur with the Third Circuit's reasoning in *Gibbs* and find it equally applicable here. *Accord,* Shirley v. State National Bank, *supra;* Adams v. Southern California First National Bank, *supra.*

Addressing the argument that state action was present because the government delegated a traditionally public function, the Third Circuit panel in *Gibbs* noted that the self-help remedy has existed from the beginnings of common law and hence, found no delegated function. Gibbs v. Titelman, *supra* 502 F.2d at 1114; *accord,* Adams v. Southern California First National Bank, *supra.* The power of sale clause is also a long standing device in this jurisdiction, and we cannot conclude that Congress in passing the challenged statute delegated a traditionally public function. More correctly, the statute restricts the rights of a holder of a power of sale and imposes notice and time limitations.

In sum, we find that the analyses in the multitude of circuit court opinions upholding section 9–503 of the Uniform Commercial Code adequately dispose of appellants' governmental action theories. Moreover, our conclusion is buttressed by the Second Circuit's recent rejection of a similar three-fold attack to New York's wage assignment statute. *See* Bond v. Dentzer, 494 F.2d 302 (2d Cir. 1974).[6]

■ Even assuming *arguendo* the presence of governmental action, we cannot conclude that the statutes on their face violate the due process clause of the fifth amendment. In essence, the challenged statutes recognize the right of private individuals contractually to create power of sale clauses which operate as a waiver of certain potential pre-foreclosure rights. The facial validity of these statutes is controlled by D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) and its companion case, Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). In those cases, the Supreme Court concluded that statutes permitting the inclusion of confession of judgment provisions in debt instruments were not unconstitutional *per se.* Consequently, *Overmyer* and *Swarb,* each upholding statutes at least equally restrictive of alleged due process rights as the statutes here, clearly dispose of appellants' facial constitutional challenge.[7]

Our conclusion again finds support in the reported cases which have uniformly rejected similar attacks to analogous foreclosure statutes. In Law v. United States Department of Agriculture, the district court rejected plaintiff's challenge on the basis of *Overmyer* and *Swarb.* 366 F.Supp. 1233, 1239 (N.D.Ga.

---

**6.** We recognize that one District Court Judge in examining a similar foreclosure statute found state action on an encouragement theory. *See* Northrip v. Federal National Mortgage Assn., 372 F.Supp. 594, 597 (E.D.Mich. 1974). We note, however, that the Sixth Circuit has subsequently rejected an encouragement argument in a self-help repossession case which we find indistinguishable. *See* Turner v. Impala Motors, 503 F.2d 607 (6th Cir. 1974). Moreover, as more fully discussed *infra,* the judge in *Northrip* went on to uphold the statute against the merits of the due process challenge. 372 F.Supp. at 598.

**7.** Of course, the fact that potential due process rights might be waived through devices such as confession of judgment clauses or powers of sale does not preclude a finding that such a waiver was ineffective in individual cases. The effectiveness of such a waiver must depend on the facts of each individual

case. *See* D. H. Overmyer v. Frick Co., 405 U.S. 174, 188, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); Law v. United States Department of Agriculture, 366 F.Supp. 1233, 1240 (N.D.Ga. 1973). However, appellants here only seek the convening of a three-judge district court to enjoin the operation of the statute, and any alleged unconstitutional application of the statute is not before us.

Our conclusion relieves us of the necessity of ascertaining the extent of the continued vitality of appellants' principal case, Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), in light of the Court's subsequent opinion in Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). In fact, several Justices believe that *Mitchell* overruled *Fuentes. See id.* at 623, 94 S.Ct. 1895 (Powell, J., concurring); *id.* at 629, 635, 94 S.Ct. 1895 (Stewart, J., dissenting).

1973). Judge Gasch, in a widely-cited opinion issued before the *Fuentes* decision, rejected a due process challenge to the identical statutes under consideration here. *See* Young v. Ridley, *supra.* District Judge Keith in Northrip v. Federal National Mortgage Association rejected a facial constitutional attack to an analogous statute on the basis of *Law, Young* and *Swarb.* 372 F.Supp. 594, 598 (E.D. Mich.1974). Finally, a California state court has recently upheld its foreclosure statute against a federal due process challenge. United States Hertz, Inc. v. Niobrara Farms, 41 Cal.App.3d 68, 116 Cal.Rptr. 44, 56–57 (1974).

Consequently, we find that the constitutional issue raised by appellants was insubstantial, being amply disposed of by an abundance of existing case law. We hold that Judge Bryant was correct in his ruling that appellants have failed to meet the jurisdictional prerequisites to 28 U.S.C. § 2282.

Affirmed.