

William C. Williams, Jr., Barrett, Ferenz, Bramhall & Williams, Agana, Guam, for plaintiff.

Howard G. Trapp, Trapp, Gayle, Teker, Hammer & Lacy, P. C., Agana, Guam, for defendant.

## Y ALEMAN CORPORATION, Plaintiff,

v.

## The CHASE MANHATTAN BANK (National Association), Defendant.

### Civ. No. CIV-75-15.

District Court of Guam.

July 18, 1975.

## MEMORANDUM ORDER

DUENAS, District Judge.

Plaintiff has brought this action for declaratory relief asking this Court to declare the power of sale clause contained in a mortgage, given by plaintiff, mortgagor, to defendant, mortgagee, and the sale conducted pursuant thereto to be invalid and void, or in the alternative, to enter a declaratory judgment adjudging and declaring that the mortgaged property which was sold is subject to rights of redemption in favor of plaintiff. Defendant has filed a motion to dismiss on the ground that the complaint fails to state a claim against defendant upon which relief can be granted. On May 9, 1975, a hearing on the motion to dismiss was held, and the Court took the matter under advisement.

## FACTS

Plaintiff, in order to secure certain obligations to defendant, gave to defendant a

mortgage on certain real property. Said mortgage, contained among other provisions a provision that in the event of a default the mortgaged property could be sold by non-judicial sale to satisfy the obligations of the mortgagor thereunder.

Subsequent to the execution and delivery of said mortgage, plaintiff defaulted on certain payments, and defendant elected to exercise its rights under the power of sale provision of the said mortgage. On February 28, 1975, a public auction sale of the mortgaged property was held by a Marshal of the Superior Court of Guam, pursuant to an order of the Superior Court, allowing the Marshal to so conduct the sale. At that time, the plaintiff's total obligations amounted to $206,000. A third party submitted a bid of $200,000 but said bid was not a "cash" bid and was, therefore, not accepted. Defendant then proceeded to submit a bid of $150,000 and purchased the mortgaged property for the sum of $150,000 leaving a deficiency owing from plaintiff to defendant.

Plaintiff challenges the validity of the exercise of a power of sale clause in a mortgage in Guam on two bases. One basis is that no statutory authority exists for such action and moreover, the Codes of Guam actually prohibit such a practice. The second basis is the Constitutional argument that plaintiff has been deprived of his property without due process of law.

The Court considers this case as if no order existed from the Superior Court of Guam authorizing the Marshal to hold the sale since such order was apparently without authority and was not necessary to the holding of the sale or for that matter necessary to the exercise of the power of sale clause in the mortgage. It is important that an issue of this importance not be obscured by a few facts which have no effect on the practice of non-judicial foreclosures in Guam.

The firm of Ching, Rosenzweig, Boertzel and Price has filed a brief on behalf of the Guam Banker's Association as amicus curiae. The Consumer Counsel of Guam has also filed a brief as amicus curiae.

## STATUTORY ISSUE

Plaintiff contends that under Guam law, the right of redemption is not destroyed by the exercise of a power of sale clause and moreover, that to include such a clause in a mortgage is illegal under Guam law.

Plaintiff cites Section 2889 and Section 2903 of the Guam Civil Code in support of his argument.

"§ 2889. *Certain contracts void.* All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void."

"§ 2903. *Redemption rights. Subrogation.* Every person having an interest in property subject to a lien, has the right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed, and, by such redemption, becomes subrogated to all the benefits of the lien, as against all owners of other interests in the property, except insofar as he was bound to make such redemption for their benefit."

The Civil Code of California contains the identical statutes. The United States Court of Appeals for the Ninth Circuit has held that statutes which were adopted by Guam are presumed to have the same scope and significance as they had been given by the Supreme Court of California at the time of adoption and further decisions by the Supreme Court of California shall be persuasive, if not binding. *Tabor v. Ulloa,* 323 F.2d 823 (C.A.Guam 1963).

Neither Section 2903 nor 2889 prohibit the practice of non-judicial foreclosures in California. *Witkin* indicates that no statutory right of redemption exists after the sale under a power of sale in a mortgage.

"There is no statutory right of redemption after the sale of personal property or a leasehold interest under 2 years (C.C.P. 700a), nor after a sale under a deed of trust (*Penryn Fruit Co. v. Sherman-Worrell Fruit Co.* (1904) 142 Cal. 643, 76 P.

484; 3 Cal.L.Rev. 381; 26 Cal.L.Rev. 206, 215, 216). And it is doubtful whether the right exists after sale under a power of sale in a mortgage." *Witkin, Summary of California Law* 7th Ed.), Sec. 74, Security Transactions in Real Property.

William M. Burke and David J. Reber have written a law review article entitled "State Action, Congressional Power and Creditors' Rights: An Essay on the Fourteenth Amendment," *So. Cal. Law Review,* Vol. 47:1 (1973), which sets forth the historical development of the private sale under a power of sale in a mortgage. While the article admits that the practice may in the future incur attacks on the basis of a Constitutional due process argument, a power of sale clause in a mortgage is a perfectly legitimate security device under California law.

Section 2903 is no bar to the power of sale clause since the sale itself serves to foreclose the right of redemption. No California case has ever held that Section 2889 invalidates the practice of non-judicial foreclosures, pursuant to a power of sale in a mortgage.

The statutory authority for a power of sale is found both in Guam and California in Section 2932 of the respective Civil Codes.

> "§ 2932. *Power of Sale,* A power of sale may be conferred by a mortgage upon the mortgagee or any other person, to be exercised after a breach of the obligation for which the mortgage is a security."

However, no statutory authority is really necessary in order for two parties to agree to a certain contract. When two parties agree to include in a mortgage a power of sale clause, they are essentially conducting the private ordering of their own affairs. Such conduct would not be invalid even if Section 2932 did not exist.

Plaintiff contends that the Guam Legislature did not intend to allow non-judicial foreclosures since two major pieces of legislation are missing in Guam which are found in California, namely, the protective regulations with regard to notice, notice of de-fault, and method of sale, etc., found in Sections 2924–25 of the California Civil Code and the anti-deficiency laws incorporated in Sections 580a, 580b, and 580d of the California Code of Civil Procedure. It may be regrettable that the Guam Legislature has not seen fit to provide mortgagors with the same protection which the California Legislature has provided its citizens. In all probability, the Guam Legislature did not fail to adopt California anti-deficiency statutes since those statutes were enacted in 1933 and 1940 while most of the statutes which Guam copied from California were copied in 1933. In any event if certain regulations are needed, it is the prerogative of the legislative branch of government to enact those regulations, and it is not the prerogative of the Court to decree such safeguards.

## CONSTITUTIONAL ISSUE

Plaintiff also is challenging the practice of non-judicial foreclosures on the ground that such practice is a violation of its Fourteenth Amendment right of due process.

Many due process challenges have been made in the aftermath of *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In all of these challenges, the Court has looked first, to see if sufficient state action existed to bring the case within the spectrum of the Fourteenth Amendment; and second, has a violation of due process occurred, i. e., was the plaintiff denied a hearing before his property was taken and sold; and third, did the plaintiff make a knowledgeable waiver of his due process rights.

Two U. S. District Court Judges in Michigan have recently set aside sales of property or came close to doing so where such sales were made pursuant to a power of sale clause in a mortgage and carried out according to regulatory state statutes. *Northrip v. Federal National Mortgage Association,* 372 F.Supp. 594, (E.D.Mich., S.D.

1974), and *Garner v. Tri-State Development Co.,* 382 F.Supp. 377, (E.D.Mich., S.D.1974).

However, this Court is of the opinion that the weight of authority is more in line with *Bryant v. Jefferson Federal Savings and Loan Association,* 166 U.S.App.D.C. 178, 509 F.2d 511 (1974), and cases such as *Adams v. Southern California National Bank,* 492 F.2d 324, (9th Cir. 1973), and *Turner v. Impala Motors,* 503 F.2d 607, (6th Cir. 1974). Even a California State Court has recently upheld the non-judicial foreclosure procedure in California in *U. S. Hertz, Inc. v. Niobrara Farms,* 41 Cal.App.3d 68, 116 Cal. Rptr. 44.

In *Bryant,* the D. C. Circuit was faced with a typical situation in which a mortgagor defaulted on his payments and the mortgagee exercised the power of sale in the mortgage in accordance with the statutory requirement that such extrajudicial sale be held after notice of default had been served on the mortgagor and that the sale be made at public auction.

The Court found that no state involvement existed in this procedure since the statutes were intended to protect mortgagors in their private contractual relations with mortgagees.

"There is no significant governmental involvement in the mortgage foreclosure practices attacked here. The power of sale was created, not through governmental enactment, but by private consensual agreement. We recognized long ago that a deed of trust 'provides the remedies for its own enforcement.' *Spruill v. Ballard,* 58 F.2d 517, 519, 61 App.D.C. 112, (1932). The validity of such provisions has been continually upheld. In 1894, the Court of Appeals for the District of Columbia stated that '[a]s long as these contracts are entered into by permission of law, they must be respected and not interfered with, unless upon some well recognized principle of equity applicable alike to all contracts of the same general nature.' " *Bryant, supra.*

In the case at issue, no state involvement was in any way involved. The Guam Legislature has never enacted statutes regulating the non-judicial foreclosure procedure which the Court in *Northrip, supra,* found to constitute state involvement. Plaintiff and defendant negotiated the mortgage agreement and the power of sale provision among themselves and in a commercial setting. The exercise of such power of sale did not deprive plaintiff of his property without due process of law.

Defendant's motion to dismiss is granted.

The action is hereby dismissed.