**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent,**

v.

**Robert H. SCOTT and Lula Mae Scott, Appellants.**

No. 59457.

Supreme Court of Missouri, En Banc.

March 14, 1977.

Rehearing Denied April 11, 1977.

**546**

James L. Muller, Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for appellants.

Charles F. Crews, Crews, Milliard & South, Kansas City, for respondent.

HENLEY, Judge.

This is an appeal by Robert H. Scott and his wife, Lula Mae (hereinafter defendants), from judgments in favor of Federal National Mortgage Association (hereinafter plaintiff or Fannie Mae) on plaintiff's unlawful detainer action and defendants' counterclaim for a declaratory judgment. We affirm.

On July 25, 1962, Richard E. Largent and his wife purchased a house and lot in Kansas City and executed a deed of trust to secure the payment of their purchase money note for $10,650 payable to the Federal Housing Commissioner in 300 monthly installments of $63.90 each. The deed of trust contained a power of sale clause providing, in part, as follows:

"NOW, THEREFORE, * * * if default be made in the payment of said note herein provided, * * * then the whole of said note and interest thereon to date of foreclosure shall become due and payable and this deed shall remain in force; and said Trustee or his successor as hereinafter provided for, at the request of the legal holder of the aforesaid note, may proceed to sell the property hereinbefore conveyed, or any part thereof, at public vendue at the front door of the Court House in the * * County of Jackson and State of Missouri, to the highest bidder for cash, first giving twenty days public notice of the time, terms and place of sale and of the property to be sold by advertisement in some newspaper published in said Jackson County, Missouri, and upon such sale shall execute a deed conveying the property so sold to the purchaser thereof."

On June 30, 1963, the note and deed of trust were assigned by the payee to plaintiff.

On July 3, 1968, Richard E. Largent and his wife sold and conveyed this property to defendants. The deed recited that the conveyance was subject to the deed of trust given to secure payment of the note above described which these defendants assumed and agreed to pay.

Defendants failed to pay the installment due November 1, 1972, and each monthly installment due thereafter through January 1, 1974. On January 14, 1974, a successor to the trustee named in the deed of trust mailed a letter to defendants notifying them that the holder of the note had elected to declare the entire principal balance due and payable, made demand for payment thereof, and further notified defendants that foreclosure of the deed of trust had commenced that day.

After publication of notice pursuant to the above-quoted power of sale, a public sale was held February 14, 1974, at which the property was purchased by plaintiff for $9,119.97, for which the successor-trustee delivered his deed.

Approximately one month later plaintiff commenced this unlawful detainer action seeking judgment for possession of the property and for damages of $150 per month until delivery of possession. By their counterclaim defendants sought a judgment declaring sections of our statutes relative to the foreclosure of deeds of trust under power of sale [1] unconstitutional and the trustee's deed based thereon void, on the ground those sections violate the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States. Those sections are said to have denied due process, because they operated to deprive defendants of their property without affording them a "legally sufficient notice and a meaningful opportunity for a prior hearing, and without [defendants] having voluntarily, intelligently, and knowingly waived such due process rights * * * *."

The case was tried before the court without a jury. Upon request of defendants,

---

1. Sections 443.290, 443.310, 443.320, 443.325, 443.380 and 443.410, RSMo 1969.

References to sections of statutes will be to this revision.

the court made and filed its findings of fact and conclusions of law, as follows:

## "FINDINGS OF FACT

1. The defendants, Robert H. Scott and Lula Mae Scott, are husband and wife and citizens and residents of Kansas City, Jackson County, Missouri, and on July 3, 1968, purchased and by Warranty Deed recorded * * * in the office of Recorder of Deeds of Jackson County, Missouri, at Kansas City became the owners in fee simple to certain real property more particularly described as follows: [description omitted] said property being subject to a Deed of Trust dated July 25, 1962, executed by Richard E. Largent and Colleen G. Largent, husband and wife to James D. Corbin, Trustee for Neal J. Hardy as Federal Housing Commissioner, the same having been filed for record on the 6th day of August, 1962, in the office of Recorder of Deeds of Jackson County, Missouri, * * * which the defendants assumed and agreed to pay.

2. Plaintiff, Federal National Mortgage Association, a United States Government-sponsored private corporation duly organized and existing under Title III of the National Housing Act of 1968, 12 U.S.C. Section 1716 et seq. as amended, acquired and became the legal holder of the Note secured by the Deed of Trust * * *.

3. Thereafter, the defendants defaulted in their payments on the promissory note secured by the Deed of Trust held by the plaintiff, and continued to be in default to the date of the hearing, the last payment having been made on the promissory note by defendants in October of 1972.

4. On May 3, 1972, plaintiff appointed Charles F. Crews as Successor-Trustee under said Deed of Trust by an Appointment of Successor-Trustee which was recorded * * * in the office of Recorder of Deeds of Jackson County, Missouri, at Kansas City on January 2, 1974.

5. The defendants have never contended otherwise and the Court finds that Charles F. Crews is an attorney at law licensed to practice in Missouri and engaged in the private practice of law in Kansas City, Jackson County, Missouri, and is not an agent, employee or servant of either the Government of the United States of America, including any agency thereof, or the Government of the State of Missouri, including any agency or subdivision thereof.

6. Thereafter on January 14, 1974, the Successor-Trustee caused to be deposited in the United States Mail a letter, marked Certified Mail, Deliver to Addressee Only, Return Receipt Requested, postage prepaid, * * * addressed to the defendants and Richard E. Largent and Colleen G. Largent, at the last known address of each, all of which letters were returned to the Successor-Trustee on February 1, 1974, as unclaimed, said letters advising the defendants and Richard E. Largent and Colleen G. Largent of the default in payment of the Note, accelerating the Note, stating that foreclosure proceedings were being commenced, and enclosed with each said letter was a true copy of the information required to be published advertising the foreclosure sale.

7. On January 17, 1974, the Successor-Trustee commenced advertisement of said sale in *The Daily Record*, a newspaper of general circulation published in Kansas City, Jackson County, Missouri, and continued said advertisement through February 14, 1974, the date on which the Trustee's Sale was held, and the property was sold to the plaintiff for the sum of Nine Thousand One Hundred Nineteen and 97/100 Dollars ($9,119.97), and conveyed by Trustee's Deed Under Sale * * * all in accordance with the terms of the power of sale contained in the Deed of Trust and applicable provisions of the Statutes of Missouri.

8. On February 19, 1974, plaintiff caused to be served on defendant Robert H. Scott a demand for possession of the premises occupied by defendants which demand was refused and defendants continued to occupy the premises to date.

9. The reasonable rental value of the premises occupied by the defendants is One Hundred Fifty and No/100 Dollars ($150.00) per month.

## CONCLUSIONS OF LAW

Upon the above findings, the Court concludes the law applicable to the instant case to be as follows:

1. That the non-judicial foreclosure by plaintiff was pursuant to the power of sale clause in the Deed of Trust and was contractual in nature. *Federal National Mortgage Association v. Howlett*, 521 S.W.2d 428 (Mo. Banc 1975).

2. Defendants purchased the real property subject to the prior Deed of Trust of the plaintiff and knowingly and voluntarily assumed and agreed to pay the same. The defendants are deemed to have notice of all recorded instruments and the recitals therein lying within their chain of title to the real property. Section 442.390 RSMo.1969, V.A.M.S.; *Gross v. Watts*, 104 S.W. 30, (Mo. 1907).

3. That defendants were competent to contract and did purchase the real property subject to the prior Deed of Trust of the plaintiff and voluntarily and with itelligent [sic] appreciation and knowledge did assume the obligations and recitals contained in the Deed of Trust and understood the duties imposed upon them; and that by assuming the obligations and recitals contained in the Deed of Trust did waive any right to a judicial foreclosure proceeding or notice not provided for by the Deed of Trust or not provided by the Revised Statutes of Missouri, particularly Section 443.325 RSMo.1969, V.A.M.S.

4. The plaintiff's non-judicial foreclosure was in strict accordance and compliance with all relevant sections of the Revised Statutes of Missouri and the power of sale clause contained in the Deed of Trust.

5. The plaintiff's non-judicial foreclosure was a private action of a private plaintiff that had its origin in the Deed of Trust which defendants assumed and agreed to pay, involving no federal or state judicial process, no federal or state authority, no federal or state officials, and, therefore, no 'federal government action' exists to invoke the due process clause of the Fifth Amendment of the Constitution of the United States and no 'state action' exists to invoke either the due process clause of the Fourteenth Amendment of the Constitution of the United States or the due process clause of Article I, Section 10 of the Missouri Constitution. *Federal National Mortgage Ass'n v. Howlett*, 521 S.W.2d 428 (Mo. Banc 1975); *Bryant v. Jefferson Federal Savings & Loan Association* [166 U.S.App.D.C. 178], 509 F.2d 511 (D.C.Cir.1974).

6. That since the Court has determined no state action exists, and that the defendants have effectively waived any rights they may have had to notice other than the notice provided for by the Deed of Trust and the Revised Statutes of Missouri, it is not necessary to reach the question of the alleged procedural defects of said statutory provisions."

The judgments entered by the court from which defendants appealed are, in substance: (1) that plaintiff have restitution of the premises unlawfully detained, and recover from defendants (a) $150 per month as rent from February 14, 1974, to February 3, 1976, the date of the judgment; (b) $300 per month (double the sum found to be the rental value [2]) from the date of the judgment until restitution is made; and (c) the costs; (2) that defendants recover nothing on their counterclaim.

In *Federal National Mortgage Association v. Howlett*, 521 S.W.2d 428 (Mo. Banc 1975), this court was presented with the issue of whether the statutory provisions relating to the foreclosure of deeds of trust under a power of sale are unconstitutional on the basis that they violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution. The same basic issue is presented again in this case [3] with the additional issue of whether

2. See § 534.330, RSMo 1969.

3. However, there is no claim in this case of violation of the due process clause of the state constitution; our concern here is only with the issues involving the federal constitution.

those sections violate the due process clause of the Fifth Amendment.

In *Howlett,* supra, the court held that the power of a trustee to foreclose a deed of trust that specifically authorized extrajudicial foreclosure is derived, not from these statutes or the state as contended by defendant Howlett, but from the contractual right of the parties expressed in the power of sale provisions of the deed of trust; that a foreclosure under such authority could not be deemed action by the state to which application of the Fourteenth Amendment due process clause is limited. We also held in *Howlett* that the fact that the statutory provisions relating to extrajudicial foreclosure recognize and authorize, and thus possibly encourage, use of the procedure authorized by contract, or the fact that a purchaser at such a foreclosure sale may use the state courts to enforce rights to possession thereby acquired, does not render the foreclosure proceedings such significant "state action" as is required to make the Fourteenth Amendment due process clause applicable.

■ The Fourteenth Amendment questions presented in this case are essentially the same as those presented in *Howlett.* The holding in *Howlett* that extrajudicial foreclosure which has been authorized by agreement expressed in the security instrument does not involve significant state action, notwithstanding applicable statutory provisions, supplies the answer to all of defendants' Fourteenth Amendment due process questions. The foreclosure of the deed of trust on defendants' property was pursuant to power expressly granted by that instrument and not to any power authorized or encouraged by state law.

■ The due process clause of the Fifth Amendment provides, in part, as follows: "No person shall be  *  *  *  deprived of  *  *  *  property without due process of law  *  *  *." The due process clause of this Amendment establishes a limitation on "federal government action"; not on action of individuals. Defendants contend that plaintiff, a federal government-sponsored corporation, is a federal instrumentality;

that its action in foreclosing the deed of trust was the action of the federal government and, therefore, was subject to the due process clause of the Fifth Amendment.

■ We have reviewed and considered the legislative history of Fannie Mae, the statutes and Code of Federal Regulations applicable thereto, and the decisions of federal courts cited by the parties as bearing on the question presented. From this we conclude that while prior to 1968 it was a government-owned corporation, it was transferred in that year to private ownership unendowed with any functions or powers of a governmental nature. We hold that plaintiff is not a federal instrumentality and that its action in foreclosing the deed of trust was not federal action, but was the action of a private individual. In this connection we adopt the views and reasoning of the United States Court of Appeals, Sixth Circuit, expressed in *Northrip v. Federal National Mortgage Association,* 527 F.2d 23, 30–33[6–8] (1975).

In their last point defendants charge that the court erred in awarding plaintiff $300 per month, double the rental value of the premises, from the date of the judgment until restitution pursuant to § 534.330, on the ground that that section, as applied to them, is unconstitutional in that it violates the equal protection and due process clauses of the Fourteenth Amendment. Plaintiff, in its brief, has consented to a modification of what we have designated above as part (1)(b) of the judgment to allow damages for rental value at the rate of $150 per month from the date of the judgment until restitution is made. In view of this consent, we do not reach the constitutional questions defendants raise. The judgment should be, and is, modified in accord with plaintiff's consent.

As modified, the judgment is affirmed.

SEILER, C. J., and MORGAN, BARDGETT, FINCH and DONNELLY, JJ., concur.

RENDLEN, J., not participating, because not a member of the court when cause submitted.