560 F.2d 1175
 Robert LEVINE and Charlotte Levine, Appellants,
v.
Robert M. STEIN, Joanne Stein, Edward S. Stein, Arthur
Stein, Barbara S. Feldman, Iula V. Lichtenberg,
Trustee, Joseph Gould, Substitute
Trustee, and Lewis K. Kesser, Appellee.
 No. 76-2315.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 7, 1977.
Decided Aug. 30, 1977.
 
 Howard I. Legum, Norfolk, Va. (Fine, Fine, Legum & Fine, Norfolk, Va., on brief), for appellants.
 T. H. Willcox, Jr., Norfolk, Va. (James C. Howell, Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., on brief), for appellee.
 Before WINTER, RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In the district court, plaintiffs sought to have three foreclosure sales declared illegal on the ground that the state statutes under which they were conducted were repugnant to the fourteenth amendment. Although plaintiffs did not assert their federal constitutional claim in the state proceedings, the validity of two of the sales was litigated in the state courts and upheld by the Virginia Supreme Court. The district court dismissed the complaint on the ground that the foreclosure proceedings under the statutes in question did not involve sufficient "state action" to support a claim allegedly arising under the fourteenth amendment. We agree.
 
 
 2
 The statutes in issue are § 55-59, Code of Virginia, and §§ 26-15 and 26-16, Code of Virginia. Section 55-59 states that a deed of trust, unless the parties have agreed to the contrary, shall be construed to impose and confer upon the parties the duties, rights and obligations set forth in the statute, including the right of the trustee, in the event of default in the payment of the principal of the debt or interest thereon, to take possession of the property and sell it at public auction after advertising the proposed sale as provided in the statute. The statute requires no application or intervention of any court or any judicial officer before the sale is conducted or title is vested in the purchaser.
 
 
 3
 Sections 26-15 and 26-16 relate to sales made under deeds of trust and similar instruments, and they require the trustee, after the sale has been completed, to return an account of sale to the Commissioner of Accounts of the court wherein the instrument is recorded. A trustee who fails to return the account shall forfeit his commissions on the sale and he may be subjected to other penalties, but apparently the validity of the sale remains unaffected even if the trustee is in default in filing his account. Accounts, when filed, are recorded as public records.
 
 
 4
 Together with the district court, we think that on the authority of Barrera v. Security Building & Investment Corporation, 519 F.2d 1166 (5 Cir. 1975); Northrip v. Federal National Mortgage Association, 527 F.2d 23 (6 Cir. 1975); and Bryant v. Jefferson Federal Savings and Loan Association, 166 U.S.App.D.C. 178, 509 F.2d 511 (1974), the Virginia statutes do not involve sufficient state action to permit the plaintiffs to maintain a cause of action under federal question jurisdiction. The only authority which is cited to the contrary is the decision of a three-judge court in this circuit, Turner v. Blackburn, 389 F.Supp. 1250 (W.D.N.C.1975). But for the reasons set forth in Barrera, 519 F.2d at 1170, n. 5, we think Turner inapposite because of the differences between the North Carolina statutes with which it was concerned and the Virginia statutes before us in the instant case.
 
 
 5
 In the light of these conclusions, it is unnecessary for us to consider the defendants' contention that the adverse judgments against plaintiffs in the Virginia courts are res judicata of their federal claims.
 
 
 6
 AFFIRMED.