## DAVIDOW v. LACHMAN BROS. INV. CO.
### et al.
### No. 7323.

Circuit Court of Appeals, Ninth Circuit.
March 13, 1935.

Herbert N. De Wolfe and Vincent Surr, both of San Francisco, Cal., for appellant.

Joseph E. Bien and Werner Olds, both of San Francisco, Cal., for appellees Lachman Bros., Anderson, and Title Ins. Co.

Before WILBUR, Circuit Judge, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is an appeal from a decree dismissing appellant's bill to quiet title to two pieces of real property, one situate in the city and county of San Francisco, the other in Napa county, Cal. On motion of appellees, the bill was dismissed for failure to state a cause of action, and for lack of jurisdiction.

It appears from the bill that on June 17, 1930, appellant, as the owner of the properties, borrowed $150,000 from appellee Bank of America of California, and as security for the loan executed and delivered to appellee Corporation of America, as trustee, a deed of trust to the properties; Bank of America of California being named as beneficiary under the deed of trust. On July 15, 1930, appellant borrowed an additional $25,000 from appellee G. P. Anderson, and as security therefor executed a second deed of trust to the same properties, naming Anderson as beneficiary and appellee Title Insurance & Guaranty Company as trustee. It is alleged that Anderson "was a mere dummy" for appellee Lachman Bros. Investment Company, and that Anderson's name was used in the transaction "for the sole purpose and intent at all of said times to fraudulently cheat and defraud plaintiff out of his properties."

On February 20, 1931, the trustee under the second deed of trust instituted execution proceedings to satisfy the indebtedness represented by the second deed of trust, after recording notice that appellant had defaulted in the payment thereof and notice of election to sell to satisfy the indebtedness. The San Francisco property was sold to appellee Anderson for the sum of $15,000 and the Napa county property for $5,000, and the properties were conveyed to said appellee by deed from the trustee under the second deed of trust, dated February 1, 1932, subject to the first deed of trust. According to appellant's brief, "The proceedings were conducted in accordance with section 2924

of the Civil Code of California." Thereafter, on July 15, 1932, appellee Anderson conveyed the properties to appellee Lachman Company. On the same date, Corporation of America, trustee under the first deed of trust, delivered to Lachman Company a deed releasing the Napa county property from the obligation of the first deed of trust, in consideration of a payment of $25,000 by Lachman Company to Bank of America of California, beneficiary under the first deed of trust.

The bill alleges a "fraudulent intent and purpose" on the part of Lachman Company "to cheat and defraud" appellant of his properties: (1) By refusing to renew the loan secured by the second deed of trust, in breach of a binding promise to do so; (2) in securing title to the properties, subject to the first deed of trust, after sale thereof to appellee Anderson under section 2924, as above stated; (3) in acquiring title to the Napa county property on payment of $25,000 to secure a release of that property from the obligation of the first deed of trust, as stated.

The bill then alleges that at the time of the execution of the second deed of trust appellant had no legal title to the properties therein conveyed, having theretofore conveyed the same by the first deed of trust, and for that reason the trustee under the second deed of trust "acquired no right, title, estate or interest in præsenti of any kind or nature, either legal or equitable, in or to the said premises therein described," and accordingly the sale of the properties to Anderson by the trustee under the second deed of trust was "utterly void and without any legal effect of any kind," and for the same reason said Lachman Company "acquired no right, title, estate or interest of any kind or nature" to the properties by the conveyance to it from appellee Anderson, as aforesaid.

It is then alleged that the acts of the appellees under section 2924 of the Civil Code of California, and the foreclosure of the second deed of trust under said section 2924, "if permitted, suffered, and/or condoned, would subject plaintiff to the deprivation of his property without due process of law."

It is also alleged that the notices of sale in connection with the sale under section 2924 were insufficient (because not in compliance with the requirements of section 692 of the California Code of Civil Procedure), and that "by reason thereof plaintiff's said property was sought to be taken and has been taken without due process of law." It is further alleged that the conveyance of the Napa county property to Lachman Company by the trustee under the first deed of trust was made without the knowledge or consent of appellant, and thereby deprived appellant of his property without due process of law.

The prayer is for a decree:

(1) That none of the defendants has any interest in the properties.

(2) That the payment of $25,000 made by Lachman Company to the Bank of America of California, to secure a conveyance of the Napa county property, be adjudged a voluntary payment and credited on appellant's $150,000 obligation to the bank, secured by the first deed of trust.

(3) That Corporation of America, trustee, be forever enjoined from foreclosing the first deed of trust.

(4) That Bank of America of California be forever enjoined from enforcing collection of the $150,000 secured by the first deed of trust, because of its breach of contract in receiving said sum of $25,000 for and on account of the written obligation of plaintiff, without the plaintiff's knowledge and/or consent, and instructing its trustee, Corporation of America, to release said Napa county lands from the deed of trust of the plaintiff.

(5) That the appellees be ordered and directed to surrender up for cancellation all the promissory notes, deeds of trust, etc., executed and delivered by appellant in order that the same may be destroyed.

(6) That appellant is the owner of the properties.

(7) That a receiver be appointed to collect the rents from the San Francisco property, and that Lachman Company account for the rents received by it from said property from February 1, 1932.

There is no diversity of citizenship, and unless the record presents a federal question, jurisdiction is lacking. It is claimed that the court had jurisdiction by virtue of section 24 (14) of the Judicial Code, 28 USCA § 41 (14), which confers jurisdiction in suits brought "to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage, of any State, of any right, privilege, or immunity, secured by the Constitution of the United States," and it is asserted that the action of appellees, in proceeding as they did under section 2924 of the Civil Code, resulted in a

taking of appellant's property without due process of law.

In addition to the allegations above set forth, the bill also contains an allegation that section 2924 of the California Civil Code is unconstitutional; but in his brief appellant now concedes the constitutionality of that statute, simply contending that "as construed by the trustee under the second deed of trust it is unconstitutional." In other words, it is contended that the trustee under the second deed of trust acquired no title which it could pass on to a purchaser, and that a sale under section 2924 "by a trustee under a second deed of trust, while the first deed is still outstanding, takes away property without due process of law, passing title from one who has it not."

In support of the contention that the court has jurisdiction because a federal question is involved, in the brief of appellant it is said:

"The two federal questions to be raised are governed by the same principles of law. They involve two separate statutes so will be discussed separately. They are both founded upon appellant's constitutional rights under the Fourteenth Amendment to the Federal Constitution.

"(A) The first one has to do with the construction placed upon section 2924 of the California Civil Code by appellees in their execution of appellant's second deed of trust.

"(B) The second question has to do with the construction placed upon section 692 of the California Code of Civil Procedure by appellees in the same proceedings. * * *

"We do not contend at this time that Civil Code § 2924 is unconstitutional as enacted. We do, however, most strenuously contend that as construed by this second trustee it is clearly unconstitutional. * * *

"(B) In the execution of a deed of trust the notice of sale is jurisdictional. If the notice of sale has not been given strictly in accordance with the provisions of the law, the trustee acquires no right to sell the properties. In its attempted execution of the second deed of trust, the trustee, Title Insurance & Guaranty Co., in construing section 692 of the Code of Civil Procedure, misconstrued that section. Its notice of sale was so defective as to be no notice at all; * * *."

It is clear from the allegations of the bill and from the argument advanced on behalf of appellant that the claim of violation of due process of law is based solely on the action of the various appellees in proceeding as they have under the power conferred by the deeds of trust and under what is asserted to be an erroneous interpretation of the statutes in question. Neither the state of California nor any of its agencies or officers is charged with depriving appellant of his property without due process of law. Under such circumstances, the allegations of the bill were insufficient to confer jurisdiction, for it is well settled, as said in Kiernan v. Multnomah County (C. C.) 95 F. 849, that: "The fourteenth amendment has reference exclusively to state action, and not to any action by individuals. It is a prohibition upon the state to 'make or enforce any law which shall abridge the privileges or immunities of citizens of the United States,' or which shall 'deprive any person of life, liberty, or property without due process of law.' It prohibits state legislation in violation of these rights. It does not refer to any action by private individuals (Virginia v. Rives, 100 U. S. 313 [25 L. Ed. 667]; U. S. v. Cruikshank, 92 U. S. 542 [23 L. Ed. 588]; Civil Rights Cases, 109 U. S. [3], 11, 3 S. Ct. 18 [27 L. Ed. 835]), otherwise every invasion of the rights of one person by another would be cognizable in the federal courts under this amendment."

The Kiernan Case was cited with apparent approval by the Supreme Court in Barney v. City of New York, 193 U. S. 430, 431, 440, 24 S. Ct. 502, 48 L. Ed. 737, 741. See, also, Seattle Electric Co. v. Seattle, R. & S. Ry. Co. (C. C. A.) 185 F. 365; Marten v. Holbrook (C. C.) 157 F. 716.

Affirmed.