Susan GARFINKLE and Gary Garfinkle, Plaintiffs-Appellants,

v.

WELLS FARGO BANK, Defendant-Appellee.

No. 71–2323.

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1973.

Gary Garfinkle (argued), Lafayette, Cal., for plaintiffs-appellants.

Howard N. Ellman (argued), Edwin A. Frey, Jr., Alan F. Greenwald, of Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant-appellee.

OPINION

Before TRASK and CHOY, Circuit Judges and TAYLOR,* District Judge.

FRED M. TAYLOR, District Judge.

Plaintiffs-Appellants, Susan and Gary Garfinkle, have appealed from an order

_____
* Of the District of Idaho, sitting by designation.

of the District Court dismissing their action against the Wells Fargo Bank (Bank) for want of subject matter jurisdiction. The complaint alleges that the California extra-judicial foreclosure procedure violates the Fifth and Fourteenth Amendments of the United States Constitution because it does not provide property owners with a meaningful opportunity to be heard before they lose substantial rights and interests. Jurisdiction is alleged under Title 28, U.S.C. § 1343 and under Title 28, U.S.C. § 1331.

On January 23, 1970, appellants purchased a family residence from Mr. and Mrs. Michael Lanning. The Lannings had secured a real estate loan on the dwelling from the Bank in the principal amount of $19,500 in April, 1967, to be repaid over a 25 year period at an annual interest rate of 6½%. The loan was evidenced by a promissory note secured by a deed of trust in favor of the Bank. After reviewing appellants' credit information, the Bank offered to allow them to assume the Lanning loan at the then current rate of interest, 9¼%. The appellants declined to accept this proposal maintaining they had a right to assume the loan at the original rate of interest. Being fully advised of the Bank's position concerning the loan, the appellants purchased the house and began making regular monthly payments under the Lanning payment schedule. The possession and monthly payments have been continuous to the present time.

The Lanning deed of trust contains a "due-on-sale" clause which reads as follows:

"in case any change is made in the title to . . . the said property . . . all sums hereby secured shall, at the election of the Bank, forthwith become due and payable . . . and the Bank may cause the said property to be sold in order to accomplish the object of these trusts."

After the sale of the property to appellants, the Bank notified the Lannings and the appellants that it was accelerating the loan under the due-on-sale clause. On June 9, 1970, the Bank filed a notice of default, alleging that the Lannings had breached their obligation and that the property would be sold to satisfy the accelerated balance of the loan. The appellants then filed this action to (1) enjoin the Bank from selling the property; (2) obtain a declaratory judgment that the extrajudicial foreclosure procedure is unconstitutional, and (3) to redress the alleged injuries suffered by appellants as a result of the Bank's alleged unconstitutional conduct.

The sole issue presented to this court is whether the district court erred in dismissing the action for lack of federal subject matter jurisdiction.

In our analysis of the jurisdictional issue, we have grave reservations that jurisdiction arises under 28 U.S.C. § 1343(3). However, we are of the opinion that federal jurisdiction does arise under 28 U.S.C. § 1331. For jurisdiction to arise under § 1331, two requirements must be met. First, the matter in controversy must exceed the sum or *value* of $10,000, exclusive of interest and costs.

The record reveals that at the time this action was filed, the Bank had an outstanding interest secured by the property of approximately $18,000. The appellants allege the market value of the property to be $34,000, which fact has not been denied by the Bank. If the Bank is allowed to proceed with the contemplated sale under the California nonjudicial foreclosure procedure, the property will be sold. The whole purpose of this action is to foreclose the Bank from selling this property in the manner contemplated. Based on these facts, this court has no difficulty finding that the matter in controversy has a value in excess of $10,000, exclusive of interest and costs.

The second requirement is that the complaint must present a substantial federal question. In Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed.

152 (1933), the Supreme Court announced the following guidelines to be followed in determining whether a substantial constitutional question exists:

"The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. [citations omitted] The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'"

A reading of the complaint reveals that appellants have alleged that the Bank was acting under the color and authority of the California Civil Code, §§ 2932 and 2924–2924d (governing extrajudicial sales of real property security) and that these sections are unconstitutional on their face and are unconstitutional as applied in this case since "they authorize, encourage and facilitate: 1) the deprivation of property without necessary judicial safeguards, including notice and an opportunity to be heard on the right to cause such deprivation; 2) unreasonable and warrantless seizures; and 3) the deprivation of equal protection of the laws." (complaint page 3)

We believe that the complaint clearly alleges the technical requirements to confer jurisdiction in the federal courts. It is also our opinion that the question raised is not "obviously without merit" in light of recent decisions concerning fundamental due process. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Warren v. Government National Mortgage Association, 443 F.2d 624 (8th Cir. 1971), cert. denied, 404 U.S. 886, 92 S.Ct. 220, 30 L. Ed.2d 169; Lake Arrowhead Estates, Inc. v. Cumming, 360 F.Supp. 1085 (U.S. D.C.Maine, 1973) and Randone v. Appellate Department, 5 Cal.3d 536, 96 Cal. Rptr. 709, 488 P.2d 13 (1971).

As a basis for affirming the judgment of the district court, appellee has spent a considerable amount of effort in an attempt to convince this court that appellants' cause of action lacks merit. This same rationale was rejected by the Supreme Court in Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), wherein the court stated:

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." [See also Miller v. County of Los Angeles, 341 F.2d 964 (9th Cir. 1965)]

Since we are of the opinion that the trial court does have jurisdiction under 28 U.S.C. § 1331, we are faced with the additional question of whether the federal doctrine of abstention should be invoked. We believe it is appropriate here inasmuch as it does not appear that the precise constitutional questions, which have been asserted in this case, have been finally settled in the California courts. However, we are aware of the decision in Strutt v. Ontario Savings and Loan Association, 28 Cal.App.3d 866, 105 Cal.Rptr. 395 (1972), an intermediate appellate court, which holds that California Civil Code § 2924 is not unconstitutional on its face or as applied in a situation where real property was actually sold at a trustee's sale. That case may be of assistance in deciding this case when tried on its mer-

its, but in our opinion it is not dispositive of all the issues which may be presented. Furthermore, *Strutt* is no authority on the jurisdictional question presented on this appeal.

The doctrine of abstention is to be applied "only in narrowly limited 'special circumstances.'" Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). One such circumstance arises when an issue of state law is questionable, as we believe it is in this case. See *Warren,* supra and Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965).

The position that federal courts should take, concerning the applicability of the abstention doctrine is further clarified by the Supreme Court in City of Meridian v. Southern Bell T. & T. Co., 358 U.S. 639, 640, 79 S.Ct. 455, 456, 3 L.Ed.2d 562 (1959) wherein it is stated:

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. [citations omitted] That is especially desirable where the questions of state law are enmeshed with federal questions. [citations omitted] Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty—certainly for a federal court. [citations omitted] In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily."

Further support for the position that the doctrine of abstention should be applied in this case is found in *Warren,* supra. In *Warren,* appellant contended that the Missouri non-judicial foreclosure statute was unconstitutional as vio-

lative of the Fifth and Fourteenth Amendments to the United States Constitution. The district court invoked the doctrine of abstention and dismissed the action. On appeal, the United States Court of Appeals affirmed as to abstention and reversed as to dismissal, concluding that the district court should retain jurisdiction. In reaching the conclusion that the doctrine of abstention was appropriate, the Court of Appeals cited the following language from the trial court's opinion, which language we feel is relevant to the issue before us:

"'If there is any merit in the plaintiff's position, the matter is most serious. This Court can take judicial notice that many thousands of titles to Missouri real estate have a trustee's deed after foreclosure in their chain of title. This simple, speedy, and relatively inexpensive method of foreclosure has been used to almost the complete exclusion of the more expensive and time-consuming foreclosure by suit in the circuit court.

\* \* \* \* \* \*

"'\* \* \* Not only would a number of property owners be adversely affected, but all building and loan and other lending institutions which loan money on real estate, as well as title insurance companies, would have foreseeable problems of magnitude.

\* \* \*'"

Accordingly, the judgment of the district court, dismissing the action for lack of federal subject matter jurisdiction is reversed. Appellants are directed to institute an appropriate action in the state court to resolve the issues presented within thirty days from the date this opinion is filed and prosecute such action with reasonable diligence. If appellants fail to do so, the district court may make such further orders as it may deem appropriate in the premises.

The cause is remanded with directions to stay further proceedings consistent with the views herein expressed.