No. 73–1824. NEW ORLEANS BOOK MART, INC., ET AL. *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Roth* v. *United States,* 354 U. S. 476, 508 (1957) (DOUGLAS, J., dissenting); *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (DOUGLAS, J., dissenting), would grant certiorari and summarily reverse the judgment. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEW-ART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the United States District Court for the Eastern District of Louisiana of transporting allegedly obscene materials in interstate commerce for the purpose of sale in violation of 18 U. S. C. § 1465, which provides in pertinent part:

> "Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The Court of Appeals for the Fifth Circuit affirmed, 490 F. 2d 73 (1974).

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1465, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly

obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would grant certiorari, and, since the judgment of the Court of Appeals for the Fifth Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their case decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioners should be afforded a new trial under local community standards.

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.