**William LAWSON, Jr., and Donna Lawson, Plaintiffs,**

**v.**

**Paul M. SMITH et al., Defendants.**

**No. C-75-1382-CBR.**

United States District Court,
N. D. California.

Oct. 17, 1975.

Pettit, Evers & Martin, Neil H. O'Donnell, Michael Braunstein, San Francicso, Cal., for plaintiffs.

Philip M. Arnot, Eureka, Cal., for defendants Paul M. Smith, Hope E. Smith, and Hope E. Smith, doing business as Majestic Properties, and Humboldt Land Title Co.

McKenna & Fitting, Charles G. Miller, Martin H. Kresse, San Francisco, Cal., for defendant Marina Federal Savings and Loan Assn.

Mahin & Schrenk, Carol A. Atkinson, San Francisco, Cal., for defendant Emma Cox Alcala.

## MEMORANDUM OF OPINION

RENFREW, District Judge.

Plaintiffs have brought this action to invalidate a trustee's deed of sale conveying title to a certain parcel of land located within Humboldt County, California, to defendants Paul M. and Hope E. Smith, and have invoked jurisdiction under 28 U.S.C. § 1331. They allege that defendants Smith purchased the land at a foreclosure sale held by defendant Humboldt Land Title Company pursuant to California Civil Code §§ 2924 through 2924h, but that the deed issuing from that sale is void and ineffective to convey title since those statutory provisions governing non-judicial foreclosure sales are unconstitutional under the due process clauses of both the Federal and State Constitutions. Plaintiffs further allege that the deed is void on the grounds of bad faith, fraud, negligence and general principles of equity. They seek declaratory and injunctive relief, as well as damages in excess of $500,000 and costs of suit. All defendants have moved to dismiss the complaint for lack of federal subject matter

jurisdiction.[1] The matter was argued at a hearing on September 25, 1975, with all parties represented by counsel.

In order for jurisdiction to arise under 28 U.S.C. § 1331 two requirements must be met. First, the matter in controversy must exceed the sum or value of $10,000, exclusive of interest and costs, and second, the complaint must present a substantial federal question. It is the second requirement that defendants contend is lacking here.

The precise question before the Court —whether a challenge on due process grounds to California's nonjudicial foreclosure sale procedures presents a substantial federal question—was considered and answered in the affirmative by the Court of Appeals for this Circuit in *Garfinkle v. Wells Fargo Bank*, 483 F. 2d 1074, 1077 (9 Cir. 1973). That case, which inexplicably none of the parties brought to the attention of the Court, is binding authority on the question of this Court's jurisdiction unless distinguishable from the instant case. That court held that the constitutional question presented was not "obviously without merit" in light of recent decisions concerning fundamental due process, *e.g.*, *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 84 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Randone v. Appellate Dept. of S. Ct. of Sacramento Co.*, 5 Cal.3d 536, 96 Cal. Rptr. 709, 488 P.2d 13 (1971). It further stated that the question there presented was not clearly foreclosed by previous decisions which "leave no room for the inference that the question sought to be raised can be the subject of controversy", *Ex parte Poresky*, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933). The only ground for distinguishing *Garfinkle* is that subsequent to that decision more recent decisions, *e.g.*, *Mitchell v. W. T. Grant Co.*, 416 U. S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), may have so altered the current state of the law as to require the Court to give a contrary answer to the jurisdictional question.

■ Even were this Court predisposed to examine the extent, if any, to which *Mitchell* has limited the application of *Fuentes* and its progeny, such an approach would be wrong, for it would be based on a misconception of what is meant by a holding that a constitutional claim is "obviously without merit". As the court emphasized in *Garfinkle*, and the Supreme Court in *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the relevant consideration in determining whether the district court has jurisdiction is *not* whether plaintiff's cause of action lacks merit:

> "Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." *Bell v. Hood, supra*, 327 U.S. at 682, 66 S.Ct. at 776.

■ Thus, *Garfinkle* is indistinguishable from this case. Therefore, the Court holds that the instant complaint presents a substantial federal question and that jurisdiction exists under 28 U.S.C. § 1331.

After concluding that the Court had jurisdiction in *Garfinkle*, the Court of Appeals went on to hold that the doctrine

---

1. Defendant Emma Cox Alcala has also moved to dismiss on the ground that the complaint fails to state a cause of action for which relief can be granted.

of abstention should be applied in that case. *Garfinkle, supra,* 483 F.2d at 1078. Although abstention was deemed proper in *Garfinkle,* this Court feels that it should reach the merits of plaintiffs' constitutional claim at this time, for the following reasons.

Subsequent to the decision in *Garfinkle,* the California courts have had a second opportunity to examine and uphold the constitutionality of sections 2924 through 2924h of the California Civil Code.[2] In *U. S. Hertz, Inc. v. Niobrara Farms,* 41 Cal.App.3d 68, 116 Cal. Rptr. 44, 56–57 (1974), the court concluded that no state action was present in nonjudicial foreclosure sales and, therefore, "No question of due process is involved." The principal basis for abstention in *Garfinkle* was that there were unsettled questions of state law, better left to the state courts to resolve. As later explained by the court,

> "there were a number of disputed state law issues in the case which were not by any means identical to the Garfinkles' federal constitutional challenge—for example, whether the plaintiff had in fact defaulted on his mortgage, the extent of foreclosure notice and hearing required under local law, and so on." *Stephens v. Tielsch,* 502 F.2d 1360, 1362 (9 Cir. 1974).

While the Court would normally abstain as *Garfinkle* directs, it fails to see what issues remain to be considered by the state courts.

Furthermore, federal case law has developed subsequent to the decision in *Garfinkle* upholding the constitutionality of foreclosure statutes analogous to California's statute. *See, e.g., Bryant v. Jefferson Federal Savings and Loan Ass'n,* 509 F.2d 511, 515 (D.C.Cir. 1974);

*Law v. United States Department of Agriculture,* 366 F.Supp. 1233, 1239 (N. D.Ga.1973). Even the case upon which plaintiffs rely heavily in support of their claim of unconstitutionality held that a similar foreclosure statute was not invalid on its face. *Northrip v. Federal National Mortgage Association,* 372 F. Supp. 594, 598 (E.D.Mich.1974). *See also Adams v. Southern California First National Bank,* 492 F.2d 324, 330 (9 Cir. 1973), cert. denied, 419 U.S. 1006, 95 S.Ct. 325, 42 L.Ed.2d 282 (1974) (test for "state action" is whether action of the state is "significant"), decided subsequent to *Garfinkle.*

In light of these considerations the Court concludes that little would be served by abstaining from reaching the merits of plaintiffs' constitutional argument. As the court stated in *Stephens v. Tielsch, supra,* 502 F.2d at 1362,

> "As to the policy grounds, it would entail wasteful duplication of effort to send cases back for state adjudication in the circumstances present here. Litigants would have two bites at the apple—first in state court, then in federal court—both on essentially the same constitutional claim."

Turning to the merits of plaintiffs' claim, the Court agrees with those other courts, cited *supra* at 854, which have examined and upheld the constitutionality of similar nonjudicial foreclosure sale statutes on the ground that such procedures do not involve state action. The reasoning is clearly and amply set forth in *Bryant v. Jefferson Federal Savings and Loan Ass'n, supra,* and elsewhere. Briefly, however, the Court notes that plaintiffs have set forth two grounds on which a finding of state action could be based: (1) sections 2924

---

2. The *Garfinkle* court itself took note of *Strutt v. Ontario Savings and Loan Association,* 28 Cal.App.3d 866, 105 Cal.Rptr. 395, 402 (1972), which held that California's nonjudicial foreclosure sale procedures are not unconstitutional either on their face or as applied, but stated that in its opinion *Strutt* was not dispositive of all the issues which may be presented. 483 F.2d at 1077–1078.

The Court of Appeals did not clarify which issues it felt *Strutt* had left unresolved, although one can speculate that the *Garfinkle* court had in mind the fact that *Strutt* did not find whether sections 2924 through 2924h involved state action, an issue central to the claim of unconstitutionality. *See Strutt v. Ontario Savings and Loan Association, supra,* 28 Cal.App.3d at 877, 105 Cal.Rptr. at 402.

through 2924h of the California Civil Code encourage private parties to act in a particular way, and therefore involve state action; and (2) the participation of the county recorder in nonjudicial foreclosure sales involves state action.

■ While it is true that under certain circumstances state action may be found when the state encourages parties to act in a certain way, *Reitman v. Mulkey*, 387 U.S. 369, 375–376, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967), the test is whether there has been *significant* state involvement. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); *Adams v. Southern California First National Bank, supra*, 492 F.2d at 330. "Statutes and laws regulate many forms of purely private activity, such as contractual relations and gifts, and subjecting all behavior that conforms to state law to the Fourteenth Amendment would emasculate the state action concept." *Id.* at 330–331. Both *Hertz* and *Bryant* held that the degree of state involvement in nonjudicial foreclosure sales is not sufficiently significant to make that conduct state action. *U. S. Hertz, Inc. v. Niobrara Farms, supra*, 41 Cal.App.3d at 87, 116 Cal.Rptr. at 56; *Bryant v. Jefferson Federal Savings and Loan Ass'n, supra*, 509 F.2d at 515. To be sure, there are two cases to the contrary, both in the Eastern District of Michigan, *Garner v. Tri-State Development Company*, 382 F.Supp. 377, 379 (E.D.Mich. 1974), and *Northrip v. Federal National Mortgage Association, supra*, 372 F. Supp. at 597. The Court finds these cases against the weight of judicial authority and unpersuasive.

Plaintiffs rely upon *Turner v. Blackburn*, 389 F.Supp. 1250, 1258 (W.D.N.C. 1975) and *Garner v. Tri-State Development Company, supra*, 382 F.Supp. at 379, in support of their second argument that state action exists by virtue of the role played by the county recorder in foreclosure sales. The Court believes that *Turner* is distinguishable on its facts from the instant case. The North Carolina statute challenged in that case explicitly charged the clerk with considerable responsibility and authority, including, *inter alia*, the duty to verify the essentials of the auction, the administration of the upset bid provisions, entailing significant discretionary decision-making, and contempt power to enforce a failure to file a timely, complete and correct report of the auction. *Turner v. Blackburn, supra*, 389 F.Supp. at 1256–1257. In contrast, the function of the county recorder in California pursuant to California Government Code § 27288.1 (1975 Supp.) is, at most, limited to ascertaining that a document relating to real property contains the information required by law. Furthermore, no independent verification of the accuracy of the information is required by the recorder since § 27288.1 provides that "the recorder may rely upon the information contained in or appended to the document being offered for record". Although plaintiffs have sought to characterize the power and responsibility of the California county recorder as substantially more significant and crucial than that of the court clerk in North Carolina, the Court feels that both the facts and common sense indicate otherwise.

The other case plaintiffs cite, *Garner v. Tri-State Development Company, supra*, 382 F.Supp. 377, 379, goes one step beyond *Turner* and holds that even clerical and ministerial tasks such as are involved here comprise state action. With all due respect, this Court is unable to follow that decision, for it would permit a finding of state action wherever an employee of a governmental body has performed some act, no matter how routine, within the scope of his or her duties which touches upon the transaction in question. Accordingly, the Court holds that California Civil Code §§ 2924 through 2924h do not violate the Due Process Clause of the Fourteenth Amendment, and therefore plaintiffs' federal claim will be dismissed.

■ Plaintiffs' remaining claims are all grounded upon state law. It is clear

that if all federal claims are dismissed prior to trial, a federal court should generally not retain pendent jurisdiction of the state claims. "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). While the quoted statement may not be meant to preempt discretion and state a general rule, 3A *Moore's Federal Practice* ¶ 18.07[1.–4], at 1952 (2d ed. 1974), it is generally followed. *See, e.g., Walling v. Beverly Enterprises,* 476 F.2d 393, 398 (9 Cir. 1973); *Lanning v. Serwold,* 474 F.2d 716, 719 (9 Cir. 1973). Therefore, these claims will also be dismissed.