Zona KENLY, Plaintiff,

v.

MIRACLE PROPERTIES, an Arizona Limited Partnership, et al., Defendants.

MIRACLE PROPERTIES, an Arizona Limited Partnership, et al., Cross-Claimants,

v.

BENEFICIAL STANDARD MORTGAGE INVESTORS, a California Real Estate Investment Trust, et al., Cross-Defendants.

BENEFICIAL STANDARD MORTGAGE INVESTORS, a California Real Estate Investment Trust, et al., Cross-Claimants,

v.

DEVELOPMENT SALES CORPORATION, an Arizona Corporation, et al., Cross-Defendants.

MIRACLE PROPERTIES, an Arizona Limited Partnership, et al., Cross-Claimants,

v.

Bruce BABBITT, as Attorney General of the State of Arizona, et al., Cross-Defendants.

No. Civ. 76–127, Phx. WPC.

United States District Court, D. Arizona.

May 7, 1976.

John C. Hughes of Hughes & Hughes, P. C., Phoenix, Ariz., for plaintiff.

F. William Sheppard of Jennings, Strouss & Salmon, Phoenix, Ariz., for defendants.

Philip A. Robbins of Robbins, Green, O'Grady & Abbuhl, Phoenix, Ariz., for defendants and cross-claimants.

MEMORANDUM AND ORDER

Before KILKENNY, Senior Circuit Judge, EAST, Senior District Judge, and COPPLE, District Judge.

COPPLE, District Judge.

Plaintiff filed suit in this court challenging the constitutionality of a Deed of Trust

sale pursuant to A.R.S. § 33–801 *et seq.*[1] The court's jurisdiction was invoked pursuant to 28 U.S.C. §§ 1343, 2201, 2202, 2281, 42 U.S.C. § 1983. A three-judge court was convened pursuant to 28 U.S.C. § 2284.

The plaintiff, Zona Kenly, has an interest in the property at issue by virtue of her status as a beneficiary in certain real estate trust for which U. S. Life is the trustee. That property was transferred out of the U. S. Life trust and was made subject to the Deed of Trust at issue herein. The defendant Beneficial Standard Mortgage Investors is the holder of the first beneficial interest under the Deed of Trust. The defendant, William F. Sheppard, is the trustee under the aforementioned Deed of Trust. Cross-claimants, Miracle Properties, Julian J. Blum, Michelle Blum, Barry L. Shuart, Phyllis E. Shuart and Development Sales Corporation are second beneficiaries under the Deed of Trust.

■ Both the plaintiff and the cross-claimants contend that the sale of the property under the Deed of Trust is a violation of their constitutional right to due process of law in that they allege they have been denied adequate notice and an adequate hearing on the underlying merits. The threshold question is whether the acts of a private trustee pursuant to A.R.S. § 33–801 *et seq.*, constitute state action.

Plaintiff places heavy reliance upon *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). We are of the opinion that such reliance is misplaced. *Fuentes, supra,* and *North Georgia Finishing, Inc., supra,* involved the taking of property to satisfy debt to which it bore no relationship. In the instant case we are concerned with pri-

vate contractual arrangements which govern the very property at issue. In these circumstances it is not the power of the state which is being invoked but, rather, the private agreement itself which regulates the relationship. *Adams v. Southern California First National Bank,* 492 F.2d 324 (9th Cir. 1973), *cert. denied* 419 U.S. 1006, 95 S.Ct. 325, 42 L.Ed.2d 282 (1974).[2] In *Adams, supra,* the Ninth Circuit found no state action even though California had passed into law the self-help repossession provisions of the Uniform Commercial Code. More importantly, the two circuit courts that have considered the issue have found that statutory provisions regulating and permitting Deeds of Trust do not convert the actions of the trustee into state action. *Barrera v. Security Building & Investment Corporation,* 519 F.2d 1166 (5th Cir. 1975); *Bryant v. Jefferson Federal Savings and Loan Ass'n,* 166 U.S.App.D.C. 178, 509 F.2d 511 (1974). The reasoning of both of these cases follows that of *Adams, supra.* A number of state courts have reached the identical conclusion as to lack of state action in the statutory regulation of Deeds of Trust. *Coffey Enter. Realty & Devel. v. Holmes,* 233 Ga. 937, 213 S.E.2d 882 (1975); *Federal National Mortgage Ass'n v. Howlett,* 521 S.W.2d 428 (Mo.1975); *U. S. Hertz, Inc. v. Niobrara Farms,* 41 Cal.App.3d 68, 116 Cal.Rptr. 44 (1974); *cf. Strutt v. Ontario Savings and Loan Association,* 28 Cal.App.3d 866, 105 Cal.Rptr. 395 (1973).

Plaintiff attempts to avoid the impact of *Barrera, supra; Bryant, supra; Adams, supra,* by noting that in each of these cases the courts found that the right of sale pursuant to a Deed of Trust had always existed in the common law. Plaintiff argues that such a right did not exist at common law in Arizona.

---

**1.** A.R.S. § 33–801 through A.R.S. § 33–821 constitute the Arizona statutory provisions governing the use of Deeds of Trust.

**2.** As Judge Trask noted in *Adams, supra* at 330–1:

"Statutes and laws regulate many forms of purely private activity, such as contractual relations and gifts, and subjecting all behavior that conforms to state law to the Fourteenth Amendment would emasculate the state action concept."

We first observe that as the court in *Adams, supra,* noted[3] the presence or lack of a common law origin for the conduct which is codified is only one of the facts to be weighed and it is not *per se* dispositive of the issue. Deeds of Trust are essentially private contractual relationships which tie a given debt to a given parcel of property. The examination of whether a given power existed at the common law is thus directed to the issue of whether the remedy is essentially private in nature. Prior to 1901 Deeds of Trust were permitted as private contractual arrangements in Arizona,[4] *Schwertner v. Provident Mut., etc., Ass'n,* 17 Ariz. 93, 148 P. 910 (1915). From 1901 until 1971 the legislature of Arizona forbade by statute the foreclosure of Deeds of Trust through the remedy of a private sale. *See,* Note, *The Deed of Trust: Arizona's Alternative to the Real Property Mortgage,* 15 Ariz.L.Rev. 194 (1973). As a matter of public policy the Arizona legislature regulated these essentially private transactions through that method for 70 years. In 1971 it changed the manner in which it regulates Deeds of Trust. We are of the opinion that state regulation of what is an essentially private contractual arrangement does not turn that particular area into state action. *Jackson v. Metropolitan Edison Company,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Adams, supra.* It follows, therefore, that a change from one form of regulation to another does not create state action.[5]

Plaintiff also argues that the extensive regulation provided for by the statute so involves the state that the entire transaction under the Deed of Trust becomes state action. Plaintiff supports this argument by pointing to the fact that the statute: places limitations upon the type of person or organization that may be a trustee,[6] the pro-

3. ". . . we do not consider it conclusive that section 9503 of the California Commercial Code confirmed what the law of California had theretofore been, i. e., that a secured party upon default had a right to take possession of the collateral. This is not the final answer to the touchstone of state action." *Adams, supra* at 330.

4. In *Bryant, supra,* the Court of Appeals for the District of Columbia found that at federal common law such a private contractual right had always existed. When Arizona became a territory that was its common law until it was changed by statute in 1901. *Cf., Boquillas Land & Cattle Co. v. Curtis,* 213 U.S. 339, 29 S.Ct. 493, 53 L.Ed. 822 (1909); *Howell v. War Finance Corp.,* 71 F.2d 237 (9th Cir. 1934).

5. Even when a right of creditor relief had never existed at common law courts have found the statutes permitting such actions not to constitute state action. *Anastasia v. Cosmopolitan Nat. Bank of Chicago,* 527 F.2d 150 (7th Cir. 1975), *cert. denied,* 424 U.S. 928, 96 S.Ct. 1143, 47 L.Ed.2d 338 (1976) (hotel liens); *Davis v. Richmond,* 512 F.2d 201 (1st Cir. 1975) (boarding house lien); *see contra, Culbertson v. Leland,* 528 F.2d 426 (9th Cir. 1975) (hotel liens). We note, however, that in *Culbertson, supra,* there was a finding that the hotel lien had never existed at common law. In the instant case the facts are otherwise, *see* n. 4, *supra.*

6. A.R.S. § 33–803. Trustee of trust deed; qualifications

A. Except as provided in subsection B of this section, the trustee of a trust deed shall be:

1. An association or corporation doing business under the laws of the state of Arizona as a bank, trust company, savings and loan association, credit union, insurance company, thrift company or small loan company.

2. A person who is a member of the state bar of Arizona.

3. A person who is a licensed real estate broker under the laws of the state of Arizona.

4. A person who is a licensed insurance agent under the laws of the state of Arizona.

5. An association or corporation which is licensed, chartered or regulated by the federal deposit insurance corporation, the comptroller of the currency, the federal savings and loan insurance corporation, the federal home loan bank, the bureau of federal credit unions or any successors thereof.

6. The parent corporation of any association or corporation referred to in this subsection or any corporation all the stock of which is owned by or held solely for the benefit of any such association or corporation referred to in this subsection.

B. An individual trustee of a trust deed who qualifies under the provisions of subsection A shall not be the beneficiary of the trust, but such restriction shall not preclude a corporate or association trustee which qualifies under the provisions of subsection A and while acting in good faith from being the beneficiary, or after appointment from acquiring the interest of the beneficiary by succession, conveyance, grant, descent or devise.

vision that good title passes upon sale,[7] the depositing of any excess funds with the clerk of the superior court,[8] and the good faith immunity of the trustee.[9] We disagree with plaintiff's conclusion. Extensive regulation in and of itself does not create state action. *Jackson, supra; Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1973); *Fletcher v. Rhode Island Hospital Trust National Bank,* 496 F.2d 927 (1st Cir. 1974), *cert. denied,* 419 U.S. 1001, 95 S.Ct. 320, 42 L.Ed.2d 277 (1974); *Bond v. Dentzer,* 494 F.2d 302 (2nd Cir. 1974), *cert. denied,* 419 U.S. 837, 95 S.Ct. 65, 42 L.Ed.2d 63 (1974). Plaintiff must demonstrate "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson, supra,* 419 U.S. at 351, 95 S.Ct. at 453, 42 L.Ed.2d at 484. We find that the regulations imposed by the state of Arizona are for the protection of all parties involved in the transaction. The state has provided for the protection of the parties by regulating the individuals who may perform the acts of a trustee. These regulations do not impose

the state's will upon the parties contracting for a Deed of Trust but, rather, the state only regulates the procedure to, so far as it can, eliminate possible unqualified or incompetent trustees. *See, Turner v. Impala Motors,* 503 F.2d 607 (6th Cir. 1974); *Adams, supra.* The statute in no way clothes the trustee with traditional state powers. We see no nexus between a private sale pursuant to contract and the powers conferred by statute in establishing limitations in an attempt to insure qualified trustees. *Jackson, supra.*

Plaintiff urges upon the Court the argument that the involvement of the Clerk of the Superior Court [10] in the Deed of Trust transaction creates state action. We suspect that plaintiff is attempting to fit the instant fact situation into the one found in *Turner v. Blackburn,* 389 F.Supp. 1250 (3-judge court) (W.D.N.C.1975). The two cases are not similar. In *Turner, supra,* the clerk makes factual determinations as to the adequacy of notice and the opportunity for a hearing. No such judicial function is vested in the Clerk of the Superior Court under the Arizona Deeds of Trust statute. We are of the opinion that the Clerk of the

---

7. A.R.S. § 33–811. Payment of bid; trustee's deed.

. . . . .

B. The trustee's deed shall operate to convey to the purchaser the title, interest and claim of the trustee, the trustor, the beneficiary, their respective successors in interest and of all persons claiming the property sold by or through them, including all interest or claim in such property acquired subsequent to the recording of the deed of trust and prior to delivery of the trustee's deed. Such conveyance shall be absolute, without right of redemption and a clear of all liens, claims or interests having a priority subordinate to the deed of trust.

8. A.R.S. § 33–812. Disposition of proceeds of sale.

. . . . .

B. The trustee may, in his discretion, instead of any one or more of the applications specified in subsection A, elect to deposit the balance of such proceeds with the clerk of the superior court in the county in which the sale took place. Upon deposit of the balance of such monies the trustee shall be dis-

charged from all responsibility for acts performed in good faith according to the provisions of this chapter, and the clerk shall deposit the amount with the county treasurer subject to order of the superior court in the county upon the application, by civil action, of any interested party.

9. A.R.S. § 33–820. Trustee's right to rely; attorney's right to act for trustee and beneficiary.

A. In carrying out his duties under the provisions of this chapter or any deed of trust, a trustee, shall when acting in good faith, have the absolute right to rely upon any written direction or information furnished to him by the beneficiary.

B. An attorney for the beneficiary shall also be qualified to act as attorney for the trustee or to be the trustee.

10. *See,* n. 8 *supra.* The only other function that the Clerk of the Superior Court may fulfill is the recording of the deed sold under the power of sale in the Deed of Trust. *See,* n. 7 *supra.*

Superior Court performs only ministerial functions under the Arizona statute and that such functions have no relationship to the alleged constitutional deprivations.[11]

The conclusion, we think, is inescapable: A.R.S. § 33–801 *et seq.*, does not transform the actions of private parties into state action.[12]

IT IS ORDERED:

1. The temporary restraining order is quashed.

2. The federal claim is dismissed with prejudice. Insofar as the complaint may allude to possible pendent state claims they are dismissed without prejudice.

---

**11.** One district court has found the activities of the clerk in recording the deed to be state action. *Northrip v. Federal National Mortgage Association,* 372 F.Supp. 594 (E.D.Mich.1974); *Garner v. Tri-State Development Company,* 382 F.Supp. 377 (E.D.Mich.1974). We disagree with that district's opinion and find more persuasive the opinion of Judge Renfrew in *Lawson v. Smith,* 402 F.Supp. 851 (N.D.Cal.1975). As Judge Renfrew noted: "[T]his Court is unable to follow that decision, for it would permit a finding of state action wherever an employee of a governmental body has performed some act, no matter how routine, within the scope of his or her duties." *Lawson, supra* at 855. We agree. *See, Jackson, supra; Adams, supra.*

**12.** We see no need for the invocation of the abstention doctrine in the instant case. The legislative and legal history of the statute is clear. Our finding of a lack of state action in no way interferes with the working relationship between the state and federal courts. Unlike *Carey v. Sugar,* —— U.S. ——, 96 S.Ct. 1208, 47 L.Ed.2d 587, 44 U.S.L.W. 4416 (1976), we are not faced with a finding of state action combined with the additional problem of ascertaining state due process rights that may or may not exist under a confused state case law. The Arizona courts are free to judge this statute in light of their own constitutional provisions and nothing herein will deny them that right.

We further find that defendants' contention that plaintiff lacks standing to sue is without merit. Plaintiff has a financial interest in the property at issue which will be lost if the proposed sale takes place. *See, Mottola v. Nixon,* 464 F.2d 178, 181 (9th Cir. 1972). The fact that the property has not yet been sold is irrelevant. The defendants noticed it for sale and only the intervention of the plaintiff delayed that sale. "Where the inevitability of the operation of a statute against certain individuals is patent, it is irrelevant to the existence of a justiciable controversy that there will be a time delay before the disputed provisions will come into effect." *Regional Rail Reorganization Cases,* 419 U.S. 102, 143, 95 S.Ct. 335, 358, 42 L.Ed.2d 320, 353 (1974). In the instant action it is "patent" that the sale in question was inevitable.