CHARMICOR, INC., a Nevada Corporation, Plaintiff-Appellant,

v.

J. Douglas DEANER, Joan L. Swift, David P. Boyer, Harold H. Wise, Dorothy Wise, United Mortgage Company, Chicago Title Insurance Company and Ivy Hammil, Defendants-Appellees.

No. 76–3324.

United States Court of Appeals, Ninth Circuit.

March 24, 1978.

Charles L. Kellar, Las Vegas, Nev., for plaintiff-appellant.

Charles W. Deaner, Las Vegas, Nev., for defendants-appellees.

Before WRIGHT, CHOY and TANG, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Plaintiff corporation alleged that its statutory and constitutional rights have been violated by operation of Nevada's nonjudicial foreclosure statute. The statute confers upon a trustee, pursuant to agreement in a trust deed, power of sale after breach of the underlying obligation by the debtor.

Appellant contends that the statute offends due process by failing to provide a pre-sale hearing and that it offends civil rights statutes and the equal protection clause by discriminating against appellant's shareholders, who are black.

The district court granted appellees' motion to dismiss because the complaint failed to state a claim for relief under the civil rights statutes, because the record was utterly barren of any facts or allegations that could support a claim under the equal protection clause, because there was no state action, and because there was no substantial federal question. We affirm.

The district court relied on decisions upholding California's nonjudicial foreclosure statute, which is substantially identical to the challenged Nevada statute. The latter, NRS 107.080 (1967), provides that a trustee

may exercise a power of sale after a default only if the following requirements are first met:

(1) notice of default and election to sell is recorded;

(2) the default is not cured within 35 days; * and

(3) not less than three months have elapsed since the recording of notice of default.

The Nevada statute also provides that the mortgagee may recover, in addition to the amount of the deficiency, "any and all costs, fees and expenses incident to the preparation or recordation of such notice and incident to the making good of the deficiency in performance or payment . . . ."

In California, as in Nevada, the mortgagee may recover within certain limits those costs and expenses actually incurred in enforcing payment of the obligation. Cal.Civil Code § 2924c (1973).

We note one distinction between the two statutes which requires discussion. Cal.Civil Code § 2924 provides for nonjudicial foreclosure "[w]here, by a mortgage . . . a power of sale is conferred . . . ." NRS 107.080 provides, in pertinent part:

> Where any transfer in trust of any estate in real property is made after March 29, 1927, to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation, for which such transfer is security.

Thus, the California statute confirms a contractual right; the Nevada statute confers a power of sale upon the trustee.

The statutory source of the Nevada power of sale, however, does not necessarily transform a private, nonjudicial foreclosure into state action. As this court said in *Melara v. Kennedy*, 541 F.2d 802, 806 (9th Cir. 1976): "Further, the statute creates only the right to act; it does not require that such action be taken."

---

* The California statute, Cal.Civil Code §§ 2924–2924h (1973), provides that the statutory period during which the default may be cured, after notice, is three months.

Other recent cases which hold that the source of the right is not conclusive as to state action include *Adams v. Southern California First National Bank*, 492 F.2d 324, 330 (9th Cir. 1973), *cert. denied*, 419 U.S. 1006, 95 S.Ct. 325; 42 L.Ed.2d 282 (1974), and *Kenly v. Miracle Properties*, 412 F.Supp. 1072, 1075 (D.Ariz.1976).

Even this court's opinion in *Culbertson v. Leland*, 528 F.2d 426 (9th Cir. 1975), holding that Arizona's Innkeeper's Lien Statute colored otherwise private transactions with state action, did not consider the statutory source of the rights involved to be determinative. Two judges thought that the distinction between statutory and common law rights did not matter at all, 528 F.2d at 435, n.5, 436–437, and one stated that the distinction, while a factor to be considered, was not dispositive of the state action issue. *Id.* at 431.

Therefore, the distinction between the sources of the California and the Nevada powers of sale does not compel, or strongly support, a holding that the latter constitutes state action, nor does it call into question the district court's reliance upon California cases.

In *Lawson v. Smith*, 402 F.Supp. 851 (N.D.Cal.1975), the court analyzed the relevant California statutes to determine whether they involved state action to the degree necessary to raise federal claims for relief and held they did not, noting that the nonjudicial foreclosure statutes did not encourage private persons to act in a certain way, but rather permitted certain behavior. The court also held that the participation of the county recorder in the nonjudicial foreclosure process was purely ministerial, and could not support a claim of significant state action. *Id.* at 855. In short, the court in *Lawson* found that the degree of state action was not so significant as to raise a colorable federal claim.

In *U. S. Hertz, Inc. v. Niobrara Farms*, 41 Cal.App.3d 68, 116 Cal.Rptr. 44 (1974), the California Court of Appeal reaffirmed its earlier holding in *Strutt v. Ontario Savings & Loan Ass'n*, 28 Cal.App.3d 866, 105 Cal. Rptr. 395 (1972). The court held in both cases that nonjudicial foreclosure did not involve state participation, but it was rather a purely private remedy which the state had restricted and limited by statute. Moreover, in both cases the court noted that the mortgagor had a statutory right to cure the default, as well as the additional right to bring an action to enjoin foreclosure, within a specified period. *Hertz*, 41 Cal. App.3d at 87, 116 Cal.Rptr. at 57, *citing Strutt*, 28 Cal.App.3d at 877, 105 Cal.Rptr. at 402.

Over 40 years ago, this court rejected a challenge to the constitutionality of former Cal.Civil Code § 2924. *Davidow v. Lachman Bros. Inv. Co.*, 76 F.2d 186, 188 (9th Cir. 1935). The appellant there argued that he had been deprived of due process by virtue of the trustee's alleged failure to comply strictly with the statutory notice provisions. This court held that there was no state action, and hence no federal claim for relief.

Since *Davidow* was decided well before the state action doctrine was fully developed, its precedential value is questionable. However, it was cited as recently as 1970 as authority for the proposition that the California nonjudicial foreclosure statute did not involve state action. *Strutt v. Ontario Savings & Loan Ass'n*, 11 Cal.App.3d 547, 553–554, 90 Cal.Rptr. 69, 73 (1970).

Courts outside California have held recently that nonjudicial foreclosure statutes do not involve significant state action. *Northrip v. Federal National Mortgage Ass'n*, 527 F.2d 23 (6th Cir. 1975); *Barrera v. Security Building and Investment Corp.*, 519 F.2d 1166 (5th Cir. 1975); *Bryant v. Jefferson Federal Savings & Loan Ass'n*, 166 U.S.App.D.C. 178, 509 F.2d 511 (1974); *Kenly v. Miracle Properties, supra*, 412 F.Supp. 1072; *Y Aleman Corp. v. Chase Manhattan Bank*, 414 F.Supp. 93 (D.Guam 1975).

The foregoing authorities are persuasive, and we agree with the district court's reasoning and disposition.

AFFIRMED.