956 F.2d 276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George R. WEDERSKI, Plaintiff-Appellant,
v.
Gary W. RAMAEKER; Biagio Gingo, Defendants-Appellees.
 No. 90-16279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 26, 1992.
 
 1
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 George Wederski (Wederski) appeals the district court's dismissal of his lawsuit for lack of subject matter jurisdiction. Wederski alleged that private attorneys violated his constitutional rights. We affirm.
 
 FACTS
 
 4
 Wederski is suing the attorneys who represented his wife in their marriage dissolution. Pursuant to counseled dissolution negotiations, Wederski signed a promissory note to pay his wife's attorney fees, agreed to alimony payments of $750 per month, and signed a deed of trust on his house in favor of the attorneys. When Wederski failed to make the required payments, the lawyers foreclosed on the deed of trust. Wederski brought suit in federal court alleging various constitutional violations, including deprivation of property and livelihood under the Fifth and Fourteenth Amendments. The district court dismissed the action for lack of subject matter jurisdiction because the complaint did not allege facts that could constitute state action.
 
 STANDARD OF REVIEW
 
 5
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).
 
 DISCUSSION
 
 6
 State action is required to pursue a claim alleging constitutional violations. Edmonson v. Leesville Concrete Co., Inc., --- U.S. ----, 222 S.Ct. 2077, 2082, 114 L.Ed.2d 660 (1991). Thus, the failure to allege state action on the face of a complaint is a valid ground for dismissal for lack of subject matter jurisdiction. Price v. Hawaii, 939 F.2d 702, 708 (9th Cir.1991).
 
 
 7
 A pro se plaintiff is generally given leave to amend his complaint, unless it is clear that the deficiencies can not be overcome by amendment. Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Here it is clear that no amendment can save Wederski's complaint. The case is nothing more than a simple dispute between private parties over foreclosure of a deed of trust securing the payment of attorneys' fees arising out of a state dissolution action. It is clear that a private foreclosure is not state action. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978) (foreclosure of warehouseman's lien); Harper v. Federal Land Bank of Spokane, 878 F.2d 1172 (9th Cir.1989) (judicial foreclosure on real property), cert. denied, 493 U.S. 1057, 110 S.Ct. 867, 107 L.Ed.2d 951 (1990); Adams v. Southern Cal. First Nat'l Bank, 492 F.2d 324 (9th Cir.) (repossession of automobile), cert. denied, 419 U.S. 1006, 95 S.Ct. 325, 42 L.Ed.2d 282 (1974). Therefore, there is no possibility of spelling out a federal constitutional claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3